1

2

3

4

5

6

7

8

9

10

11

## UNITED STATES DISTRICT COURT

12

### EASTERN DISTRICT OF CALIFORNIA

13

| | | |
|---|---|---|
| GREGORY ERIK MOORE, | ) | 1:05-CV-1448 AWI LJO HC |
| | ) | |
| Petitioner, | ) | ORDER REQUIRING RESPONDENT TO FILE |
| | ) | RESPONSE |
| | ) | |
| v. | ) | ORDER SETTING BRIEFING SCHEDULE |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO |
| KATHY MENDOZA-POWERS, | ) | SERVE DOCUMENTS ON ATTORNEY |
| | ) | GENERAL |
| Respondent. | ) | |
| | ) | |

20

21        Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254.

22

23        The Court has conducted a preliminary review of the Petition.  Accordingly, pursuant to Rule

4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1]

24

the Court HEREBY ORDERS:

25

26        [1]The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the practice in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the practice of civil actions." Fed.R.Civ.P. 81(a)(2). Rule 11 also provides "the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules." Rule 11, Rules Governing Section 2254 Cases.

27

28

1. Respondent SHALL FILE a RESPONSE.  A Response can be made by filing one of the following:

    A. AN ANSWER addressing the merits of the Petition and due within **NINETY (90)** days of the *date of service* of this order.  Rule 4, Rules Governing Section 2254 Cases; <u>Cluchette v. Rushen</u>, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing an Answer.).

       – Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. Rule 5 of the Rules Governing Section 2254 Cases.

       – Any argument by Respondent that Petitioner has *procedurally defaulted* a claim(s) SHALL BE MADE in an ANSWER that also addresses the merits of the claims asserted. This is to enable the Court to determine whether Petitioner meets an exception to procedural default. See, <u>Paradis v. Arave</u>, 130 F.3d 385, 396 (9th Cir. 1997) (Procedurally defaulted claims may be reviewed on the merits to serve the ends of justice); <u>Jones v. Delo</u>, 56 F.3d 878 (8th Cir. 1995) (the answer to the question that it is more likely than not that no reasonable juror fairly considering all the evidence, including the new evidence, would have found Petitioner guilty beyond a reasonable doubt necessarily requires a review of the merits).

       – Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date Respondent's Answer is filed with the Court.

    B. A MOTION TO DISMISS due within **SIXTY(60)** days of the *date of service* of this order based on the following grounds:[2,3]

---

[2]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge shall order the respondent to file an answer or *other pleading . . . or to take such other action as the judge deems appropriate*." Rule 4, Rules Governing Section 2254 Cases (emphasis added); <u>see</u>, <u>also</u>, Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); <u>also</u>, <u>White v. Lewis</u>, 874 F.2d 599, 60203 (9th Cir.1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

[3]Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the parties must seek leave of court before submitting any pleading not contemplated by this Order.  Fed.R.Civ.P. 16(e).

1   (1) EXHAUSTION - 28 U.S.C. § 2254(b)(1).  A Motion to Dismiss for Petitioner's

2    failure to exhaust state court remedies SHALL INCLUDE copies of all the

3    Petitioner's state court filings and dispositive rulings so as to allow the Court to

4    examine the limitations issue.  See, Ford v. Hubbard, 305 F.3d 875 (9th Cir.

5    2002); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003);

6   (2) STATUTE OF LIMITATIONS - 28 U.S.C. § 2244(d)(1).  A Motion to Dismiss

7    the Petition as filed beyond the one year limitations period SHALL INCLUDE

8    copies of all Petitioner's state court filings and dispositive rulings.

9   (3) SECOND OR SUCCESSIVE Petitions - 28 U.S.C. § 2244(b).  A Motion to

10    Dismiss the Petition on the basis of § 2244(b) SHALL include a copy of the

11    previously filed federal Petition and disposition thereof.

12 2. OPPOSITIONS to Motions to Dismiss SHALL be served and filed within EIGHTEEN

13  (18) days, plus three days for mailing.  All other Oppositions SHALL be served and filed

14  within EIGHT (8) days, plus three days for mailing. REPLIES to Oppositions to Motions

15  to Dismiss SHALL be served and filed within eight (8) days, plus three days for mailing.

16  Replies to Oppositions to all other Motions SHALL be served and filed within eight (8)

17  days, plus three days for mailing.  If no opposition is filed, all motions are deemed

18  submitted at the expiration of the opposition period.

19 3. Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and

20  RETURN to the Court along with the Response or Motion to Dismiss, a Consent form

21  indicating whether the party consents or declines to consent to the jurisdiction of a the

22  United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

23 4. RESPONDENT SHALL submit a Notice of Appearance as attorney of record within

24  **SIXTY (60)** days of the date of service of this order for purposes of service of court

25  orders.  See, Local Rule 83-182(a), 5-135(c).

26 5. The Clerk of the Court is DIRECTED to SERVE a copy of this order along with a copy

27  of the PETITION and any exhibits/attachments, on the Attorney General or his

28

representative.[4] The Clerk of Court is further directed to serve a copy of Petitioner's application for a protective order on Respondent (Doc. #2).

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

**Dated:    January 25, 2006**              /s/ Lawrence J. O'Neill
b9ed48                              UNITED STATES MAGISTRATE JUDGE

---

[4]If, however, the Petition was filed on January 3, 2005, or thereafter, the Clerk of the Court need not serve a copy of the Petition on the Attorney General or his representative. A scanned copy of the Petition is available in the Court's electronic case management system ("CM/ECF").